IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TRACFONE WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEXIS TORRES RIOS IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE PUERTO RICO DEPARTMENT OF PUBLIC SAFETY, et al., <br><br> Defendants. | CIVIL NO.: 21-1607 (MEL) |

**OPINION & ORDER**

**I.   INTRODUCTION**

Pending before the court is a motion to dismiss TracFone Wireless, Inc.'s ("TracFone") complaint filed on December 15, 2021, by Defendants Alexis Torres Ríos in his official capacity as Secretary of the Puerto Rico Public Safety and Manuel Gonzalez Azcuy in his official capacity as Commissioner of the Puerto Rico 911 Emergency Systems Bureau (collectively, "Defendants"). ECF No. 17. In their motion and subsequent supplemental brief, Defendants seek dismissal, or in the alternative, a stay of the proceedings under principles of abstention and comity. ECF Nos. 17, 37. TracFone has filed responses to both briefs. ECF Nos. 22, 47. For the reasons and to the extent explained below, the court DENIES Defendants' motion to dismiss.

**II.   FACTUAL ALLEGATIONS**

TracFone is a prepaid wireless services dealer that began doing business in Puerto Rico in 2009 and offers its telecommunications services by one of the following three mediums:

a. <u>Direct Sales</u> - to customers who purchase airtime online, via TracFone's website.

> b. <u>Indirect Sales</u> - to customers who purchase prepaid cards . . . from independent third party retailers in Puerto Rico . . . to whom TracFone distributes the cards in bulk and on a wholesale basis.
>
> c. <u>Lifeline Program</u> – to el[i]gible customers in Puerto Rico under the Lifeline Program, a federal government program that provides low-income families access to wireless services. . .

ECF No. 1 at 4. Under Puerto Rico law, the collection of 911 services fee is governed under Act 20-2017. 25 L.P.R.A. § 3625. In short, this provision requires the telephone company providing services to facilitate the collection of 911 service fees. 25 L.P.R.A. § 3625 (f). Under federal law, the Wireless Telecommunications Tax and Fee Collection Fairness Act (the "Fairness Act"), enacted on March 23, 2018, placed a "financial transaction" requirement on the collection of wireless telecommunications service fees:

> A State, or a local jurisdiction of a State, may not require a person who is neither a resident of such State or local jurisdiction nor an entity having its principal place of business in such State or local jurisdiction to collect from, or remit on behalf of, any other person a State or local tax, fee, or surcharge imposed on a purchaser or user with respect to the purchase or use of any wireless telecommunications service within the State *unless the collection or remittance is in connection with a financial transaction*.

47 U.S.C. § 1510 (c)(1).

Since the enactment of Act 20-2017, the parties have disputed whether Act 20-2017 (and underlying regulations) required TracFone to remit 911 services fees on all its services. ECF No. 1 at 8, ¶ 26–27. TracFone has held the position that that Act 20-2017 does not apply to its sales. ECF No. 1 at 8, ¶ 26. Defendants disagree and have continued to assess 911 service fees against all wireless services offered by TracFone in Puerto Rico. ECF No. 1 at 8, ¶ 27. In March 2018, upon the enactment of the Fairness Act, TracFone notified Defendants that they were now barred by federal law to assess fees in connection with its sales related to its indirect sales and lifeline

2

program. ECF No. 1 at 8, ¶ 28. However, Defendants continued to assess fees under those programs. ECF No. 8, ¶ 27.

On November 10, 2020, Defendants filed suit in Puerto Rico state court against TracFone, "seeking remittance of millions of dollars of allegedly outstanding 911 services fees since 2009 and a declaration that Act 20-2017 (and underlying regulations) requires TracFone to collect or remit such fees moving forward." ECF No. 1 at 10, ¶ 34. During the state court suit, TracFone requested Defendants to exclude those fees assessed since March 23, 2018, arguing that the Fairness Act invalidates Act 20-2017's collection fee requirement pertaining to TracFone's indirect sales and lifeline program. ECF No. at 10, ¶ 37. However, Defendants disagree and intend to continue to assess those fees in the future. ECF No. 1 at 11, ¶ 37. On November 23, 2022, the state court issued a partial judgment, ruling that under Act 20-2017 (and underlying regulations) TracFone is liable for 911 service fees for all three of its distribution mediums.[1] ECF No. 51-1 at 34.

Notwithstanding the suit filed in state court, TracFone filed this federal suit on December 15, 2021, against Defendants. *Id*. at 2–3. TracFone seeks injunctive and declaratory relief declaring that (1) the Fairness Act prohibits Defendants from requiring TracFone to facilitate 911 service fees for its services in Puerto Rico relating to its indirect sales and lifeline program and that (2) the Fairness Act preempts Act 20-2017 to the extent that it requires TracFone to collect 911 service fees for its services in Puerto Rico relating to its indirect sales and lifeline program. ECF No. 1 at 11–12, ¶ 40.

---

[1] The court takes matters subject to judicial notice into consideration on a motion to dismiss. *See e.g., In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003).

### III.   LEGAL STANDARD

A defendant may move to dismiss an action pursuant to Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodríguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that compels us 'to draw on' our 'judicial experience and common sense.'" *Schatz v. Republican State Leadership Committee*, 669 F.3d 50, 55 (1st Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Such a task requires a two-pronged analysis. "First, the court must sift through the averments in the complaint, separating conclusory legal allegations (which may be disregarded) from allegations of fact (which must be credited)." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013). "Similarly, a court does not accept as true allegations that while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual." *Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 33 (1st Cir. 2011) (internal quotations omitted). In short, "to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Torres v. Bella Vista Hosp., Inc.*, 523 F. Supp. 2d 123, 133 (D.P.R. 2007) (quoting *Twombly*, 550 U.S. at 555, 570).

"Second, the court must consider whether the winnowed residue of factual allegations gives rise to a plausible claim of relief." *Air Sunshine, Inc.*, 663 F.3d at 33. In making this determination under Rule 12(b)(6), the court must limit its focus to the allegations of the

complaint and "accept as true 'all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor.'" *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996) (quoting *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)). In addition to the complaint, the court can consider "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,' (b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" *Schatz*, 669 F.3d at 55 (quoting *Arturet-Vélez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 13 n.2 (1st Cir. 2005)). "We appropriately draw on our 'judicial experience and common sense' in evaluating a complaint, but we may not disregard factual allegations 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" *Manning v. Boston Medical Center Corp.*, 725 F.3d 34, 43 (1st Cir. 2013). Although all inferences must be made in plaintiff's favor, the court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson*, 83 F.3d at 3. Dismissal under Rule 12(b)(6) is appropriate only if the facts alleged, taken as true, do not warrant recovery. *Id.*

## IV. ANALYSIS

In their motion to dismiss, Defendants raise three grounds to dismiss or, in the alterative, stay the proceedings. First and secondly, they argue that abstention is warranted under the *Colorado River* doctrine and/or the *Wilton/Brillhart* doctrine. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); ECF No. 17 at 2. Third, they argue that dismissal is proper under principles of comity relating to the Tax Injunction Act. 28 U.S.C. § 1341; ECF No. 37 at 1–2. TracFone counters, arguing that abstention under *Colorado River* is not warranted and that *Wilton/Brillhart*

abstention and comity considerations under the Tax Injunction Act are inapplicable. ECF No. 22 at 2–3; ECF No. 47 at 2.

### A. Abstention under *Colorado River* is not warranted.

Defendants contend that abstention under the *Colorado River* is warranted because the state court lawsuit is more advanced than the federal lawsuit, judicial efficiency is furthered if the case remains in state court, and both actions share the same issues. ECF No. 17 at 6–7, 9. The *Colorado River* doctrine permits a federal court to abstain from exercising jurisdiction over a case where parallel proceedings are ongoing in a state forum. *See Colorado River*, 424 U.S. at 817–18 (1976). Accordingly, a federal court can decline the exercise of jurisdiction upon "considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). However, "[t]he crevice in federal jurisdiction that *Colorado River* carved is a narrow one." *Jiménez v. Rodriguez-Pagan*, 597 F.3d 18, 27 (1st Cir. 2010). Put differently, the decision "to yield jurisdiction under the *Colorado River* doctrine must rest on the clearest of justifications displayed by exceptional circumstances." *Nazario-Lugo v. Caribevision Holdings, Inc.*, 670 F.3d 109, 116 (1st Cir. 2012) (citations omitted)).

The First Circuit has developed the "exceptional circumstances test," a list of non-exclusive factors, drawn from *Colorado River* and its progeny, to determine whether a clear justification exists to support abstention:

> (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

*Jiménez*, 597 F.3d at 27–28 (citation omitted). This list of factors is not a mechanical checklist. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16. Neither are the factors exhaustive, nor is one factor necessarily determinative. *United States v. Fairway Capital Corp.*, 483 F.3d 34, 40 (1st Cir.2007) (citations omitted). A district court should balance all the factors as they apply in a given case, with the "balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

The court begins its analysis by finding that the first, sixth, and eighth factors are neutral: there is no *res* involved in the case; neither party disputes the state court's adequacy; and removal jurisdiction is irrelevant. *See Jiménez*, 597 F.3d at 28 (citation omitted). While Defendants argue that the second factor weighs in favor of abstention, this factor is neutral because it is well-settled that, for the purposes of the *Colorado River* analysis, the United States District Court for the District of Puerto Rico and the courts of the Commonwealth of Puerto Rico are equally convenient. *See e.g., id.*; *Fuller Co. v. Ramon I. Gil, Inc.*, 782 F.2d 306, 310 (1st Cir. 1986); *Castro-Cruz v. Municipality of San Juan*, 643 F. Supp. 2d 194, 200 (D.P.R. 2009).

The third factor, the desirability of avoiding piecemeal litigation, does not favor abstention. The risk of piecemeal litigation arises when the ruling from the state court would render the federal court's opinion merely advisory, or vice-versa. *Fairway*, 483 F.3d at 42. Furthermore, the piecemeal litigation factor may weigh in favor of abstention "only where the implications and practical effects of litigating the parallel actions provide an *exceptional basis* for surrendering federal jurisdiction, such as a clear competing policy or some special complication." *Nazario-Lugo.*, 670 F.3d at 116 (citation omitted).

The claim pending before this court is easily severable from the issues before the state court. In state court, Defendants' claim deals with the collection of 911 services fees dating back

to 2009 under Act 20-2017 for direct sales, indirect sales, and the lifeline program. ECF No. 1 at 10, ¶ 34. The claim before this court, on the other hand, concerns only fees relating to indirect sales and the lifeline program after the enactment of the Fairness Act, March 23, 2018. ECF No. 1 at 10–11, ¶¶ 37–39. Neither court action is necessarily delayed in deference to one another. Indeed, the state court has already issued partial judgment against TracFone finding that it is liable under Act 20-2017 for all three types of its sales, and nothing about that judgment threatens to make this court's forthcoming ruling advisory.

Defendants argue that the third factor favors abstention because the issue before this court hinges on many unresolved issues of Puerto Rico law regarding Act 20-2017. ECF No. 17 at 11. Defendants base this assertion on TracFone's prayer for relief, which they interpret to mean that TracFone is requesting this court to determine whether Act 20-2017 applies to its sales. ECF No. 17 at 11. Despite Defendants' interpretation, TracFone, by its own admissions,[2] has refined its scope of relief:

> In this case, the Court only needs to resolve a singular and straightforward question: Are Defendants' ongoing actions seeking to compel TracFone to collect and remit Puerto Rico statutory 9-1-1 fees with respect to services offered on and after March 23, 2018 (the effective date of the Fairness Act) by way of Indirect Sales and/or the Lifeline Program preempted by the Fairness Act?

ECF No. 22 at 11 (emphasis omitted). Therefore, Defendants' assertion is unfounded because the focus of the claim before this court seeks interpretation of a federal statute, the Fairness Act, and whether it preempts Act 20-2017, not to relitigate matters that may have already been adjudicated by the state court regarding Act 20-2017. Thus, no exceptional basis exists for surrendering federal jurisdiction based on piecemeal litigation.

---

[2] In ruling on a motion to dismiss, the court can consider concessions in a plaintiff's response. *Schatz*, 669 F.3d at 55.

The fourth factor, the order in which the courts obtained jurisdiction, favors abstention. While the state court suit was filed before the instant case, "the relative progress of the suits is more important than the strict order in which the courts obtained jurisdiction." *Gonzalez v. Cruz*, 926 F.2d 1, 4 (1st Cir.1991). Rather, this factor "favors the case that is the more advanced at the time the *Colorado River* balancing is being done." *Elmendorf Grafica, Inc. v. D.S. Am. (E.), Inc.*, 48 F.3d 46, 52 (1st Cir. 1995) (citation omitted). The court considers which case is "more advanced" in a "pragmatic, flexible manner, with a view to the realities of the case at hand." *Id.* (citation and quotation omitted). Here, the state court case is more advanced than the federal action. As noted above, the state court has already issued a partial judgment, ruling that under Act 20-2017 (and underlying regulations) TracFone is liable for 911 service fees for all three of its distribution mediums. ECF No. 51-1 at 34.

The fifth factor, whether state or federal law controls, disfavors abstention. As explained above, the issue before this court—the interpretation of a federal statute and whether it preempts state law—depends primarily on the interpretation of federal law.

The seventh factor, the vexatious or contrived nature of the federal claim, disfavors abstention. "A federal claim may be vexatious or contrived if it is asserted in federal court after plaintiffs failed to make a similar claim in state court" or "when a plaintiff rushes to the federal courthouse solely in reaction to its failure in the state court." *Valle-Arce v. Puerto Rico Ports Auth.*, 585 F. Supp. 2d 246, 253 (D.P.R. 2008) (citing *Malave v. Centro Cardiovascular de Puerto Rico y Del Caribe, et al.*, 485 F.Supp.2d 6, 9–10 (D.P.R. 2007); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 15). Defendants argue that this factor warrants abstention because "nothing prevents TracFone from obtaining a declaratory relief pursuant to the Fairness Act in state court." ECF No. 17 at 13. While at least one other circuit has found that

reason compelling, that was only the case when the same party filed a suit in state and federal court. *See Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1289 (7th Cir. 1988). However, here, TracFone was the party sued in state court and furthermore has not received resolution of the issue of its federal claim in state court. Instead, the state court was put on notice of TracFone's federal claim, which TracFone excluded from its motion for summary judgment in state court. ECF No. 51-1 at 2. Accordingly, the federal claim is not vexatious or has a contrived nature.

### B. *Wilton/Brillhart* Abstention is Inapplicable

Defendants argue that abstention under *Wilton/Brillhart* abstention is warranted because the state court case was filed a year earlier, and the relief sought in the federal case completely overlaps the state court case. ECF No. 17 at 15. However, *Wilton/Brillhart* abstention merely gives a district court discretion to dismiss declaratory judgment actions "where another suit is pending in a state court presenting the same issues, *not governed by federal law*, between the same parties." *Wilton*, 515 U.S. at 282 (1995) (quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942) (emphasis added). As explained above, the federal action primarily concerns the Fairness Act, not state law. Therefore, *Wilton/Brillhart* abstention is not warranted.

### C. Dismissal Under Principles of Comity Relating to the Tax Injunction Act is Not Warranted

Finally, Defendants assert that this case should be dismissed because of comity considerations related to the Tax Injunction Act. ECF No. 37 at 2. Specifically, they contend that granting relief would hinder Puerto Rico's important regulatory state interest of administering its taxes and that the state court is better positioned to provide remedy. ECF No. 37 at 8–9. While Defendants cite to jurisprudence providing basis for their comity argument, Congress clearly

stated that the Tax Injunction Act would not affect the jurisdiction of federal courts to hear claims under the Fairness Act:

> (2) Jurisdiction of district courts
>
> *Notwithstanding section 1341 of Title 28*, or the constitution or laws of any State, the district courts of the United States shall have jurisdiction, without regard to the amount in controversy or citizenship of the parties, to grant such mandatory or prohibitive injunctive relief, interim equitable relief, and declaratory judgments as may be necessary to prevent, restrain, or terminate any acts in violation of subsection (c).

47 U.S.C. § (d)(2) (emphasis added). Therefore, dismissal based on considerations of comity is not justified.

## V.   CONCLUSION

As discussed, abstention is only warranted for exceptional circumstances, and Defendants have failed to show that this case is here. Defendants have likewise failed to show that principles of comity warrant the dismissal of this case. For the foregoing reasons, Defendants' request to dismiss the complaint against them under Federal Rule of Civil Procedure 12(b)(6) or alternatively to stay the proceedings (ECF No. 17) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of December, 2023.

s/Marcos E. López
U.S. Magistrate Judge
